| | | |
|---|---|---|
| **MORRIS E. RIMES, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 19-CV-0282-CVE-JFJ** |
| | ) | |
| **MVT SERVICES, LLC, a New Mexico,** | ) | |
| **limited liability company d/b/a** | ) | |
| **Mesilla Valley Transportation,** | ) | |
| **and CECILIO PORTILLO,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Now before the Court is defendant MVT Services LLC's (MVT) motion for partial dismissal

for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Dkt. # 7. Plaintiff Morris E. Rimes, Jr.

claims that MVT was negligent under a theory of respondeat superior[1] when its employee, defendant

Cecilio Portillo (Portillo), negligently drove into plaintiff's truck. Dkt. # 2, at 2-4. MVT believes

that plaintiff is alleging two additional theories of negligence: negligent entrustment and negligent

hiring and retention. Dkt. # 7, at 2-3. Plaintiff believes that he is alleging only negligence (based

on respondeat superior) and negligent entrustment against MVT. Dkt. # 15, at 2. However, his

negligent entrustment claim includes allegations of negligent hiring and retention. See Dkt. # 2, at

3.

---

[1]     Although respondeat superior is not mentioned in the complaint, plaintiff alleges that Portillo
was the agent, servant, or employee of MVT. Dkt. # 2, at 2. Further, plaintiff does not allege
that Portillo was acting within the course and scope of employment at the time of the
accident, but MVT admits that in its motion for partial dismissal. Dkt. # 7, at 2.

# I.

Plaintiff alleges that on January 15, 2019, he was involved in an accident with Portillo, who was driving an MVT semi-truck and trailer truck on Interstate 44 near Miami, Oklahoma, causing plaintiff to suffer severe personal injuries. Dkt. # 2, at 2. Plaintiff alleges that Portillo was traveling eastbound, in the same direction as plaintiff, but at an "excessive and unsafe speed," which caused Portillo to collide with plaintiff's semi-truck and trailer. Id. Plaintiff alleges that the weather, at the time of the accident, was inclement, with snow and ice on the roadway. Dkt. # 15, at 1.

In plaintiff's negligence allegations, he claims that Portillo "failed to maintain a proper lookout for other traffic, . . . failed to devote his full time and attention to his driving, . . . recklessly failed to use his brakes and other mechanical means available to avoid the collision, . . . was traveling at an unsafe speed for road conditions without regard to other traffic, . . . [and] was an inattentive . . . [and] distracted" driver." Dkt. # 2, at 3. Defendant does not dispute that, at the time of the accident, Portillo was an employee of MVT. Dkt. # 7, at 2. Plaintiff further alleges that MVT negligently entrusted its vehicle to Portillo. Dkt. # 2, at 3. MVT does not dispute that this claim is stated in the complaint. Dkt. # 7, at 2. However, confusion arises in what MVT believes to be plaintiff's third claim. Plaintiff's complaint states that

> MVT . . . negligently hired, screened, retained, trained or instructed . . . Portillo, with regard to the operation of its motor vehicle and his required compliance with both state and federal laws including the FMCSA regulations. [MVT] therefore negligently entrusted [its] vehicle to . . . Portillo, and [was] individually negligent in contributing to the cause of the collision and Plaintiff's injuries.

Dkt. # 2, at 3 (emphasis added).[2]  The parties agree that this is a negligent entrustment claim, but MVT treats the claim as a separate negligent hiring and retention claim in its motion for partial dismissal.

## II.

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted.  "To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual allegations 'to state a claim to relief that is plausible on its face.'" Doe v. Woodard, 912 F.3d 1278, 1299 (10th Cir. 2019) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true, and [the court] must liberally construe the pleadings and make all reasonable inferences in favor of the non-moving party."  Id. (internal citation omitted).

## III.

The Court first reaches MVT's argument that negligent hiring and retention which, as discussed above, is alleged within plaintiff's negligent entrustment claim, should be dismissed. "Negligent entrustment of an automobile occurs when the automobile is supplied, directly or through a third person, for the use of another whom the supplier knows, or should know, because of youth, inexperience, or otherwise, is likely to use it in a manner involving unreasonable risk of bodily harm

---

[2]     Plaintiff's complaint would be much easier to interpret if plaintiff stated each of his claims separately.

to others . . . ." <u>Sheffer v. Carolina Forge Co.</u>, LLC, 306 P.3d 544, 548 (Okla. 2013). To establish a claim of negligent entrustment, the plaintiff must show that a reasonable person knew or should have known that the person entrusted with the vehicle would be likely to operate it in a careless, reckless, or incompetent manner. <u>Green v. Harris</u>, 70 P.3d 866, 869 (Okla. 2003). A necessary element of a negligent entrustment claim is that the plaintiff's injury result from the driver's careless or reckless operation of the vehicle. <u>Clark v. Turner</u>, 99 P.3d 736, 743 (Okla. Civ. App. 2004).

The Court reads plaintiff's complaint as not stating a separate claim of negligent hiring and retention. <u>See</u> Dkt. # 2, at 10. Rather, plaintiff combines facts with legal conclusions to allege negligent hiring and training as the basis for the claim of negligent entrustment. <u>See</u> Dkt. # 2, at 10. Further, plaintiff admits that his only claims for relief against MVT are negligence (based on <u>respondeat superior</u>) and negligent entrustment. Dkt. # 5, at 5. MVT does not dispute that these are the claims. Dkt. # 20, at 2. Therefore, MVT's motion for partial dismissal is moot, as it asks for a dismissal of an alleged claim that has not been separately stated. The Court accordingly finds that plaintiff's negligence claim of <u>respondeat superior</u> and negligent entrustment claim are the sole claims stated against MVT. Therefore, MVT's motion for partial dismissal of plaintiff's alleged negligent hiring and retention claim is moot.

MVT also moves for dismissal of the relief of punitive damages. Dkt. # 7, at 1. MVT argues that Fed. R. Civ. P. 9(g), which requires that special damages be specifically stated, should be interpreted as requiring that punitive damages be plead with particularity. <u>Id.</u> MVT also argues that plaintiff has not alleged conduct that rises to the level required for an award of punitive damages, but has merely alleged negligent conduct. <u>Id.</u> at 9-10. Plaintiff counters that Oklahoma law recognizes punitive damages as part of the claim, not a separate claim, and that the relief of punitive

damages is not subject to dismissal because plaintiff has alleged recklessness, which could be a basis

for punitive damages under Oklahoma law.  Id. at 7-9.

A federal court sitting in diversity applies state substantive law and federal procedural law.

Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 559, U.S. 393, 417 (2010).  The Federal

Rules of Civil Procedure are procedural and applicable in federal district court.  Racher v. Westlake

Nursing Home Ltd. P'ship, 871 F.3d 1152, 1162 (10th Cir. 2017) ("If a federal rule of civil procedure

answers the question in dispute, that rule governs" in federal court.).  Fed. R. Civ. P. 9(g) requires

that "[i]f an item of special damage is claimed, it must be specifically stated."  In contrast, Fed. R.

Civ. P. 9(b) requires that allegations of fraud be stated with particularity.  Because plaintiff

"specifically state[s]" in his complaint that he is seeking punitive damages, the Court finds that it

meets the requirements of Fed. R. Civ. P. 9(g).  See Huggins v. Four Seasons Nursing Ctrs, Inc.,

2007 WL 3113429, at *2 (N.D. Okla. Oct. 22, 2007) (unpublished)[3] (plaintiff given leave to amend

complaint to request punitive damages where plaintiff did not do so); Ferrell v. BGF Glob., LLC,

2018 WL 746399, at *3 (W.D. Okla. Feb. 6, 2018) (motion for summary judgment denied because,

although plaintiff did not present evidence of punitive damages, the jury could find that defendant

acted with the requisite culpability to warrant punitive damages); Beavers v. Victorian, 38 F. Supp.

---

[3]     This and all other unpublished decisions are not precedential; they are cited for their
persuasive value only.  See FED. R. APP. 32.1; 10TH CIR. R. 32.1.

3d 1260, 1273-74 (W.D. Okla. 2014) (summary judgment inappropriate where plaintiff requests punitive damages based on reckless conduct).[4]

Accordingly, the Court finds that MVT's motion for partial dismissal of plaintiff's negligent hiring and retention claim is moot because the parties agree that plaintiff does not state a separate claim of negligent hiring and retention, but only as a factual basis for the negligent entrustment claim; MVT's motion for dismissal of the relief of punitive damages is denied because plaintiff seeks punitive damages in his complaint and alleges recklessness.

**IT IS THEREFORE ORDERED** that defendant MVT Services LLC's motion for partial dismissal (Dkt. # 7) is **moot in part** and **denied in part**: it is **moot** as to plaintiff's alleged negligent hiring and retention separate claim and **denied** as to plaintiff's request for punitive damages.

**DATED** this 29th day of August, 2019.

_Claire V. Eagan_
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[4]    Even if the Court were to assume that the Fed. R. Civ. P. 9(b) particularity standard applies to punitive damages, plaintiff meets this test. Oklahoma law allows for punitive damages when a defendant acts in reckless disregard for the rights of others, and plaintiff alleges in his complaint that Portillo "recklessly failed to use his breaks . . . to avoid the collision." Dkt. # 2, at 3; see OKLA. STAT. Tit. 23, § 9.1(B)(1) (2002).