IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MORRIS E. RIMES, JR.,<br><br>**Plaintiff,**<br><br>v.<br><br>MVT SERVICES, LLC, a New Mexico limited liability company d/b/a MESILLA VALLEY TRANSPORTATION, and CECILIO PORTILLO,<br><br>**Defendants.** | Case No. 19-cv-00282-JFH-JFJ |

## ORDER ON DEFENDANTS' FIRST MOTION IN LIMINE

Before the Court is the *First Motion in Limine* filed by Defendants MVT Services, LLC and Cecilio Portillo ("Defendants") [Dkt. No. 62]. Plaintiff Morris E. Rimes, Jr. ("Plaintiff") filed a Response [Dkt. No. 92], and Defendants submitted a Reply [Dkt. No. 136]. Pursuant to Okla. Stat. tit. 12, § 3009.1 (2015), Defendants move for an order *in limine* excluding from trial evidence of the amounts of Plaintiff's medical bills in excess of the amounts actually paid or for which no legal responsibility for payment remains.[1] Plaintiff responds to the motion requesting he be permitted to introduce the full amount of his medical bills. Alternatively, Plaintiff proposes he will not offer his past medical bills or payments at trial and requests that Defendants be precluded from referring to such payments.[2]

---

[1] Plaintiff filed his Complaint setting forth the subject claim on May 24, 2019. Section § 3009.1 applies to civil cases involving personal injury filed on or after November 1, 2015.

[2] Plaintiff does not provide any legal authority or basis for this alternative position.

Section 3009.1 is clear.[3] "Upon the trial of any civil action arising from personal injury, the actual amounts paid for any services in the treatment of the injured party . . . shall be the amounts admissible at trial, not the amounts billed for such expenses incurred in the treatment of the party." Okla. Stat. tit. 12, § 3009.1(A) (2015). *See also Hill v. American Medical Response*, 423 P.3d 1119, 1130 (Okla. 2018) (noting "§ 3009.1 limits admissibility of evidence of medical costs in personal injury cases to what has actually been paid or is owed for a party's medical treatment, rather than the amount billed for that treatment." (citing *Lee v. Bueno*, 381 P.3d 736, 741 (Okla. 2016))).

Section 3009.1 also provides for the submission of a signed statement acknowledged by the medical provider or an authorized representative or sworn testimony that the provider will accept the amount paid as full payment of the obligations (or that the provider will accept payment at the Medicare reimbursement rate less cost of recovery as provided in Medicare regulations as full payment of the obligation). *See* Okla. Stat. tit. 12, § 3009.1(A) – (B) (2015). Plaintiff's response notes that the subject statements were first submitted as part of the instant motion on April 6, 2020 and that Plaintiff was not anticipating the submission of such statements. Dkt. No. 92 at 2. However, § 3009.1(C) provides that such statements or sworn testimony may be provided to the opposing party and listed as an exhibit by the final pretrial hearing.[4] Plaintiff argues that use of only the past bills paid would misrepresent his future medical costs. However, evidence concerning future medical expenses are a separate issue and, as Plaintiff correctly notes, § 3009.1

---

[3] In a federal diversity suit, state law concerning the admissibility of evidence will be considered if the issue involves a "substantive" state law rule of evidence. *Blanke v. Alexander,* 152 F.3d 1224, 1231 (10th Cir. 1998).

[4] The Court also notes that the deadline for Final Exhibit Lists has not yet passed and that the Pretrial Conference in this matter is presently set for August 3, 2020. Dkt. No. 155.

does not apply to future medical expenses not yet incurred. *See Beason v. I. E. Miller Services, Inc.*, 441 P.3d 1107, 1113 (Okla. 2019).

**IT IS THERFORE ORDERED** that Defendants' *First Motion in Limine* [Dkt. No. 62] is **GRANTED in part and DENIED in part**: it is **GRANTED** such that Plaintiff is prohibited from introducing at trial evidence of medical bills in excess of those amounts actually paid or for which no legal responsibility for payment remains (only evidence of medical bills actually paid or that Plaintiff remains legally responsible to pay shall be admissible at trial); it is **DENIED** at this time as to the specified amounts of medical bills paid or still owing.[5]

**IT IS FURTHER ORDERED** that Plaintiff and Defendants shall confer regarding the amounts of medical bills paid or still owing for the purpose of setting forth appropriate stipulations in the Agreed Pretrial Order concerning same.

**IT IS FURTHER ORDERED** that Plaintiff's request that Defendants be prohibited from referencing Plaintiff's past medical bills and payment thereof is denied.

DATED this 24th day of July, 2020.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

---

[5] The Court notes Plaintiff has not challenged the amounts of medical bills paid or still owing as submitted by Defendants.